UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL DENNIS BAKER,<br><br>        Petitioner,<br><br>    v.<br><br>THE STATE OF CALIFORNIA,<br><br>        Respondent. | No.  2:25-cv-2900 CSK P<br><br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state hospital detainee proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the filing fee.  Because petitioner paid the filing fee, his motion to proceed in forma pauperis (ECF No. 5) is denied as moot.  As set forth below, it is recommended that this case be summarily dismissed.

I.    THE PETITION

Petitioner challenges his October 2008 conviction in the Butte County Superior Court, Case No. C-091761.  (ECF No. 1.)  Petitioner raises two claims:  (1) counsel failed to argue that petitioner has been under the Americans with Disabilities Act ("ADA") all his life, and the state court should have held a hearing on this ground; and (2) ineffective assistance of counsel based on petitioner's first claim.  (Id. at 5-7.)  Petitioner alleges he raised the instant claims in the California Supreme Court in a petition for review, Case No. C-103333, that was denied on June 18, 2025.  (Id. at 4.)

II.     GOVERNING STANDARDS

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

III.    DISCUSSION

In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief.  Petitioner was convicted over 17 years ago.  (ECF No. 1 at 1.) Petitioner provided a copy of the June 18, 2025 letter from the California Supreme Court, Case No. C-103333, returning the petition because it was untimely.  (ECF No. 1 at 17.)  "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (alteration in original; internal quotation marks omitted).

Therefore, the petition should be summarily dismissed.

IV.     CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall (1) assign a district judge to this case; (2) the Clerk is directed to serve a copy of the petition filed in this case together with a copy of these findings and recommendations on the Attorney General of the State of California and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In the objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  A

2

certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/bake2900.156

3